| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | | |
|---|---|---|
| IN RE: BRIAN CHARLES GREGG | § | CIVIL ACTION NO. 4:20-CV-634 |

| | | |
|---|---|---|
| BRIAN C. GREGG, | § § | |
| Appellant, | § § | |
| *versus* | § § | APPEAL OF BANKRUPTCY CASE NO. 20-40867 |
| U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE CABANA SERIES III TRUST, | § § § § | |
| Appellee. | § | |

## MEMORANDUM AND ORDER

Pending before the court is Appellee U.S. Bank Trust National Assocation, as Trustee of the Cabana Series III Trust's ("U.S. Bank"), Motion to Dismiss Appeal as Moot (#24). Appellant Brian Gregg ("Gregg") filed a response (#27), and U.S. Bank filed a reply (#28). Having considered the motion, the submissions of the parties, and the applicable law, the court is of the opinion that the motion should be granted.

I.  Background

In September 2000, Gregg executed an adjustable rate note in the original amount of $296,500.00 and granted a security interest in real property located at 4541 Hitching Post Lane, Plano, Texas 75024 (the "Subject Property"), to Dallas Metropolitan Mortgage. Over the years, the loan has been assigned and transferred several times. Gregg stopped making payments on the loan in 2014, at which time he went into default. Select Portfolio Servicing, Inc. ("SPS"), who serviced the loan for Citibank, N.A., as trustee on behalf of the NRZ Pass-Through Trust VI,

scheduled a foreclosure sale on January 2, 2018.  On December 27, 2017, Gregg filed a *pro se* petition for relief under Chapter 13 of the Bankruptcy Code in the United States District Court for the Eastern District of Texas, which automatically stayed the foreclosure.  After Gregg amended his Chapter 13 Plan numerous times, the bankruptcy court entered an order dismissing the case on August 22, 2018.  With the automatic stay lifted, SPS rescheduled the foreclosure sale to January 2, 2018.  On October 29, 2018, Gregg filed a petition in state court seeking a temporary restraining order ("TRO") and temporary injunction to stop the rescheduled foreclosure sale.  Subsequently, the case was removed to the United States District Court for the Eastern District of Texas, which dismissed the action with prejudice.

On March 27, 2020, Gregg filed his present petition for relief under Chapter 13 of the Bankruptcy Code.  By that time, the loan had been assigned to U.S. Bank.  U.S. Bank filed a Proof of Claim covering the Subject Property, which Gregg objected to on June 8, 2020.  Gregg's original Chapter 13 Plan was stricken because he failed to serve the creditors properly, failed to make timely payments to the Chapter 13 trustee as required by 11 U.S.C. § 1326(a)(1), and failed to appear at the meeting of creditors as set forth in 11 U.S.C. § 341.  On May 27, 2020, Gregg filed an amended plan which provided that he would use the proceeds from the sale of the Subject Property as payment to the bankruptcy trustee.

On May 28, 2020, U.S. Bank filed a motion to dismiss the case with prejudice pursuant to 11 U.S.C. § 1307(c), on the grounds that Gregg initiated the case and proposed his current plan in bad faith.  On July 20, 2020, the bankruptcy court granted U.S. Bank's motion and dismissed Gregg's case with prejudice, finding that Gregg had acted in bad faith.  Gregg then filed his Motion to Alter and Amend, Motion for New Trial, and Motion for Temporary Stay of Order of

Dismissal arguing, in addition to the arguments he asserted at the dismissal hearing, that the bankruptcy court violated his right to due process by dismissing the case prior to hearing Gregg's objection to U.S. Bank's Proof of Claim and considering confirmation of Gregg's proposed plan. On August 7, 2020, the bankruptcy court denied Gregg's motion and Gregg appealed the court's decision to this court.

On August 10, 2020, Gregg filed a motion to stay the effect of the bankruptcy court's decision, which the bankruptcy court denied. On August 31, 2020, Gregg filed a motion with this court reurging his request for a stay, which the court denied on September 22, 2020. U.S. Bank subsequently foreclosed on the Subject Property. On October 28, 2020, Gregg filed a petition in Texas state court seeking, among other remedies, a TRO against the foreclosure sale. U.S. Bank appeared in the action and successfully dissolved the *ex parte* TRO. U.S. Bank then removed the case to the United States District Court for the Eastern District of Texas, where Gregg's motions to remand and for a temporary restraining order and U.S. Bank's motion to dismiss are currently pending. On November 3, 2020, at 12:05 P.M., U.S. Bank purchased the Subject Property at a foreclosure sale. Twelve minutes later, Gregg filed a Notice of Lis Pendens[1] based on his pending state court action in the Collin County, Texas, land records. On November 16, 2020, U.S. Bank filed the present motion to dismiss Gregg's appeal as moot because the Subject Property had already been sold at a foreclosure sale.

---

[1] "A recorded lis pendens is notice to the world of its contents." TEX. PROP. CODE ANN. § 13.004. "The notice is effective from the time it is filed for record and indexed . . . regardless of whether service has been made on the parties to the proceeding." *Id*.

II.     Analysis

Federal courts may only hear live cases or controversies. U.S. CONST. art. III § 2; *see In re Blast Energy Servs., Inc.*, 593 F.3d 418, 423 (5th Cir. 2010). Accordingly, "a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Church of Scientology v. United States*, 506 U.S. 9, 13 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)); *Ministry of Oil of the Republic of Iraq v. Kurdistan Region of Iraq*, 634 F. App'x 953, 956 (5th Cir. 2015); *Xue v. Tarango*, No. 6:12-CV-566, 2014 WL 549178, at *3 (E.D. Tex. Feb. 7, 2014). Once a case or controversy is established, it may become moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (quoting *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969))). "[I]n the absence of a stay, action of a character which cannot be reversed by the [reviewing court] may be taken in reliance on the lower court's decree." *Am. Grain Ass'n v. Lee-Vac, Ltd.*, 630 F.2d 245, 247 (5th Cir. 1980). "As a result, the [reviewing court] may become powerless to grant relief requested by the appellant," at which time the action is considered moot. *Id.*; *accord In re Blast Energy Servs.*, 593 F.3d at 423 ("If an appellate court is unable to grant any remedy for an appellant, its opinion would be merely advisory and it must dismiss the appeal as moot.").

The United States Court of Appeals for the Fifth Circuit applies the doctrine of mootness in the bankruptcy context, as well. *See In re Villaje del Rio, Ltd.*, 283 F. App'x 263, 265 (5th Cir.), *cert. denied*, 555 U.S. 1046 (2008); *Sullivan Cent. Plaza, I, Ltd. v. BancBoston Real Est. Cap. Corp.*, 914 F.2d 731, 733-35 (5th Cir. 1990), *aff'd on reh'g*, 935 F.2d 723 (5th Cir. 1991).

When the subject property in a bankruptcy case is being foreclosed, "[i]f the debtor fails to obtain a stay, and if the property is sold in the interim, the district court will ordinarily be unable to grant any relief." *Sullivan Cent. Plaza, I, Ltd.*, 914 F.2d at 733; *First Mortg. Atrium Bldg. v. Mut. Life Ins. of N.Y.*, 92 B.R. 202, 203 (E.D. Tex. 1988) ("A debtor's failure to obtain a Stay Pending Appeal renders an appeal moot if assets in which the creditor had an interest are sold in foreclosure."). This rule "provides finality to orders of bankruptcy courts and protects good faith purchasers." *First Mortg. Atrium Bldg.*, 92 B.R. at 203. The mootness rule created by courts is distinguishable from the rule codified in 11 U.S.C. § 363(m), which applies only to sales by bankruptcy trustees. *Id.* at 404 (noting that § 363(m)'s mootness rule "does not apply to other foreclosure sales in bankruptcy proceedings, such as may occur when the bankruptcy court lifts the 11 U.S.C. § 362 Automatic Stay, allowing the creditor to foreclose its lien").

In *Sullivan Cent. Plaza, I, Ltd.*, the creditor bank scheduled a foreclosure on the subject property after the debtor failed to make payments on its loan. 914 F.2d at 732. The debtor immediately filed for bankruptcy, which automatically stayed the foreclosure sale. *Id.* The bankruptcy court lifted the automatic stay after determining, among other things, that the debtor's "amended plan for reorganization could not be confirmed." *Id.* The debtor then "filed its notice of appeal and moved for a stay pending appeal," which the bankruptcy court denied. *Id.* After the debtor failed to meet required financial conditions, the bankruptcy court withdrew its temporary injunction that it had issued earlier and allowed the foreclosure sale to proceed. *Id.*

After the bank bought the subject property at the foreclosure sale, it moved to dismiss the debtor's appeal as moot. *Id.* Rejecting the debtor's argument that the appeal was not moot because all the necessary parties involved in the sale were parties to the appeal, the district court

5

nevertheless dismissed the appeal as moot. *Id*. The Fifth Circuit affirmed the district court's dismissal, while recognizing that in a "particularly egregious case," the court might exercise equitable powers to create a remedy if all necessary parties are before the court. *Id*. at 735.

Here, Gregg stopped making payments on the loan that was secured by an interest in the Subject Property in 2014. Subsequently, the holder of the loan scheduled a foreclosure sale. Gregg then filed a petition for relief under Chapter 13 of the Bankruptcy Code, which automatically stayed the pending foreclosure. After amending his Chapter 13 Plan numerous times, the bankruptcy court dismissed the case. Gregg then filed a petition in state court seeking a temporary injunction to halt the rescheduled foreclosure sale, which was removed to federal court and dismissed with prejudice.

Gregg next filed another petition for relief under Chapter 13 of the Bankruptcy Code. After rejecting his first Chapter 13 Plan, the bankruptcy court dismissed his case with prejudice, finding that Gregg had acted in bad faith. The bankruptcy court's dismissal again lifted the automatic stay on U.S. Bank's foreclosure sale. After the bankruptcy court rejected Gregg's reconsideration arguments, he appealed the bankruptcy court's order to this court. Gregg moved to stay the effect of the bankruptcy court's decision, which both the bankruptcy court and this court denied. Accordingly, U.S. Bank foreclosed on the Subject Property on November 3, 2020, and purchased it at the foreclosure sale. After the foreclosure sale, U.S. Bank moved to dismiss the appeal as moot.

Similar to *Sullivan*, Gregg failed to obtain a stay and, subsequently, the Subject Property was sold at a foreclosure sale; thus, the court is unable to grant the relief Gregg requests. *See Sullivan Cent. Plaza, I, Ltd.*, 914 F.2d at 733. Gregg's bankruptcy estate consisted only of the

Subject Property. Now that Gregg no longer owns the Subject Property, there is nothing in the bankruptcy estate. Thus, giving Gregg the relief he seeks in this appeal, restoring his bankruptcy case, would be meaningless without the Subject Property. Nor is this a "particularly egregious case" that would warrant exercising the court's equitable powers given Gregg's repeated delays, serial filings, and bad faith actions over the past six years. *Id.* at 735. Accordingly, because this court is without authority to grant Gregg any meaningful relief, the appeal is moot.

Gregg contends that the mootness rule is not applicable because his bankruptcy estate is not worthless even without the Subject Property. He contends that the bankruptcy estate includes any "equitable (beneficial) interests, acquired under state law, in the Subject Property." Under the Bankruptcy Code, the bankruptcy estate consists of "all legal or *equitable* interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541 (emphasis added). Gregg has made no showing that he has any equitable interest in the Subject Property. Further, any interest in a lawsuit filed after the bankruptcy court dismissed the action would not be a part of the bankruptcy estate because it would not have been in existence "as of the commencement of the case." *See* 11 U.S.C. § 541. Therefore, without the Subject Property, there is no "legal or equitable interest" in the bankruptcy estate.

Gregg also argues that his appeal is not moot because the "return of the Subject Property to the bankruptcy estate" is not the subject of his appeal. He claims that his appeal concerns two errors of the bankruptcy court:

1. Denial of a required hearing on Debtor/Appellant's Objection to Appellee's Proof of Claim[; and]

2. Denial of a required confirmation hearing for Debtor/Appellant's New Chapter 13 Plan amended and timely filed as required by Order of the Bankruptcy Court.

7

He requests that the court "reverse and remand with instructions to the Bankruptcy Court to grant those hearings." He contends, however, that he is not challenging the viability of the automatic stay or seeking a rescission of the foreclosure.

Gregg fails to understand the significance of the Subject Property to his appeal and his bankruptcy case in its entirety. If Gregg succeeded on his appeal and this court ordered the bankruptcy court to conduct Gregg's requested hearings, such hearings would be fruitless without the Subject Property. U.S. Bank's Proof of Claim concerns the Subject Property. Now that U.S. Bank is the owner of the Subject Property after the foreclosure sale, its Proof of Claim is moot. Accordingly, the bankruptcy court would be unable to grant Gregg any relief stemming from his Objection to U.S. Bank's Proof of Claim because U.S. Bank is now the owner of the Subject Property.

Gregg's request for a hearing on his proposed plan suffers from a similar defect. Gregg's proposed plan for which he requests a hearing requires him to make payments to the bankruptcy trustee out of the proceeds from the sale of the Subject Property. Without the Subject Property, Gregg cannot implement his proposed plan. Thus, his proposed plan is senseless without the Subject Property, and any hearing on his plan would be without effect. Because the hearings that Gregg requests as a result of this appeal would be meaningless without the Subject Property, the court finds that it is unable to grant any relief to Gregg.

Finally, Gregg contends that he qualifies for an exception to the mootness rule. Courts in this circuit have expressly recognized only one exception to the mootness rule in bankruptcy cases. *See First Mortg. Atrium Bldg.*, 92 B.R. at 207.

> If a debtor fails to obtain a Stay Pending Appeal and foreclosure occurs, an appellate court will not grant relief having the effect of reversing foreclosure,

> unless the creditor who purchased real property at foreclosure is a party to the appeal and statutory rights to redemption exist under applicable law.

*Id*. While courts in other circuits do not require a statutory right to redemption, the court in *First Mortg. Atrium Bldg.* found that "[i]t is essential that any exception to the mootness rule require the existence of a statutory right to redemption." *Id.* at 206; *see In re Villaje del Rio, Ltd.*, 283 F. App'x at 265 (adopting the application of the mootness rule as expressed in *First Mortg. Atrium Bldg.*).

Although U.S. Bank, the creditor that purchased the Subject Property, is a party to this appeal, Gregg has not demonstrated that he has a statutory right to redemption under applicable state law. "After foreclosure, the state of Texas has conferred statutory 'rights of redemption' on mortgagors in some instances." *Machado v. Bank of N.Y. Mellon*, No. SA-12-CV-00840-DAE, 2013 WL 2404147, at *3 (W.D. Tex. May 31, 2013). Gregg, however, has not invoked a particular provision of the Texas Property Code, and the court is unaware of any statutory rights to redemption applicable in Gregg's situation. Gregg argues that under 28 U.S.C. § 2410(c), the United States has a right to redemption for 120 days after the sale of the property. To satisfy the requirements for the exception, however, the statutory right to redemption must belong to the debtor. *First Mortgage Atrium Bldg.*, 92 B.R. at 207 (noting that "state law would determine the rights and scope of the *debtor's* ability to redeem property and from whom, if anyone, the *debtor* may redeem" (emphasis added)). Gregg is not the United States, nor is he a federal officer, agent, or representative, and, thus, is foreclosed from asserting such rights. Accordingly, any statutory right to redemption belonging to the United States does not satisfy the requirement in this instance. Therefore, the *First Mortg*. exception to the mootness rule is inapplicable in this context.

Although no court in this circuit has recognized such an exception, Gregg urges this court to establish an exception to the mootness rule for instances in which "state law otherwise would permit the transaction to be set aside." The court is unwilling to create a new exception to the mootness rule as outlined by the Fifth Circuit. Further, Gregg would not qualify for the exception as recognized by the United States Court of Appeals for the Ninth Circuit. Under Ninth Circuit precedent, if the debtor "has the right under [state] law to set aside a foreclosure sale after the sale has taken place, after deeds have been recorded, and after the property has been sold to a third party, [the debtor] has the right in bankruptcy to do the same and that right is property of the estate." *In re Worcester*, 811 F.2d 1224, 1228 (9th Cir. 1987). Importantly, however, the debtor in *Worcester* made a showing of the requirements for setting aside the foreclosure sale and that she was entitled to relief under state law. *Id.* Gregg has not made a similar showing here. Thus, even if the court were to recognize this exception to the mootness rule, Gregg would not qualify for the exception because he has not demonstrated that he is entitled to relief under state law.[2]

Gregg argues that he qualifies for a third exception to the mootness rule because U.S. Bank, which purchased the Subject Property at the foreclosure sale, is not a bona fide purchaser. Gregg cites to no authority and the court has been unable to find any legal basis to support this assertion regarding another purported exception to the mootness rule. There is nothing in the record to suggest that U.S. Bank was not a bona fide purchaser. Under Texas law, a bona fide purchaser is a person who acquires "property in good faith, for value, and without notice of any

---

[2] Gregg contends that he has a suit pending in District Court in Collin County, Texas, seeking to undo the foreclosure, which has been removed and is currently pending in federal court in this district. He has not shown, however, that his claims have merit or that he is likely to succeed in the parallel proceeding.

third party claim or interest." *Madison v. Gordon*, 39 S.W.3d 604, 606 (Tex. 2001) (citing *Hous. Oil Co. v. Hayden*, 135 S.W. 1149, 1152 (1911)). On November 3, 2020, at 12:05 P.M., U.S. Bank purchased the Subject Property for $527,198.68 by way of credit against the unpaid balance owed by Gregg. Subsequently, Gregg filed a Notice of Lis Pendens in the property records of Collin County, Texas, regarding his lawsuit over the Subject Property at 12:17 P.M. on November 3, 2020, twelve minutes after the foreclosure sale. Gregg has not alleged that U.S. Bank otherwise had notice. Thus, U.S. Bank would not have had notice of Gregg's pending suit at the time of the foreclosure sale. Further, there is no showing that U.S. Bank acted in bad faith by foreclosing on the Subject Property. Therefore, Gregg has failed to show that U.S. Bank was not a bona fide purchaser. Accordingly, even if such an exception to the mootness rule existed, Gregg has not shown that he could satisfy the requirements. Because Gregg has failed to show a valid exception, the mootness rule applies in this case. Thus, the court must dismiss Gregg's appeal in the absence of a viable case or controversy.

III.   Conclusion

Consistent with the foregoing analysis, U.S. Bank's Motion to Dismiss Appeal as Moot (#24) is GRANTED. This appeal is dismissed as moot.

SIGNED at Beaumont, Texas, this 11th day of December, 2020.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE